UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES BRANDON,

        Petitioner,

v.                                                 9:22-CV-1073
                                                              (GTS/CFH)

SHERIFF, Monroe County,

        Respondent.

---

APPEARANCES:                                         OF COUNSEL:

CHARLES BRANDON
Petitioner, pro se
19901
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Petitioner Charles Brandon seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition; Dkt. No. 3, Submission in Support of Petition.  The Court issued a Decision and Order giving petitioner thirty days to properly commence his case by either paying the statutory filing fee or filing a properly certified application to proceed in forma pauperis ("IFP").  Dkt. No. 2, Decision and Order ("October Order").

Presently before the Court is petitioner's IFP application. Dkt. No. 4.  At the end of the application, petitioner appends a letter which indicates that none of the correctional facility employees will sign his application in order to properly certify it.  *Id*. at 7.

## II. DISCUSSION

To commence a habeas corpus action, a petitioner must pay the court's filing fee or submit a properly certified IFP application.[1] Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). A proper IFP application includes a signature or certification by an appropriate prison official attesting to petitioner's balance, and average balance, in any account in petitioner's name at his or her facility. *Id.* (requiring a motion and affidavit, per 28 U.S.C. § 1915, and "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."). Local Rule 5.1.4 provides that if the prisoner fails to fully comply with the above-described requirements after being informed by Court order of what is required, "the Court shall dismiss the action." N.D.N.Y.L.R. 5.1.4(b)(2)(A)(ii).

Petitioner's IFP application is deficient because it is not certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at the facility. Dkt. No. 4 at 2; *see also* Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts (requiring petitioners who file IFP applications to include a "certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").

Accordingly, the Court shall extend petitioner's deadline to properly commence his case. Therefore, petitioner is directed to do one of the following two things within thirty (30)

---

[1] The proper filing fee for a habeas corpus petition is $5.00. 28 U.S.C. § 1914(a).

days of the filing date of this Decision and Order: (1) pay the Court's filing fee of five dollars ($5.00); or (2) submit a complete IFP application that has been certified and signed by an appropriate prison official.  If petitioner fails to submit either the required filing fee or a complete IFP application, this action will be dismissed without further order from the Court.

In an effort to assist petitioner with any subsequent IFP applications, a second copy of this Order will be given to petitioner so that he may provide it to the appropriate jail official.  In the event petitioner is still unable to get an appropriate jail official to provide the required certification for the IFP application, petitioner will be provided with the opportunity to file an affidavit with the Court outlining the specific efforts he has made with the facility officials, including the dates he spoke with the officials, their names, and what transpired.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner will have a second opportunity to properly commence his action.  Therefore, he must, within thirty (30) days of the filing date of this Decision and Order, either (1) pay the required filing fee of five dollars ($5.00) or (2) submit a complete IFP application that has been certified and signed by an appropriate prison official.  The Clerk is directed to provide petitioner with a blank IFP application for that purpose; and it is further

**ORDERED** that, if petitioner fails to submit either the required filing fee of five dollars ($5.00) or a complete, certified IFP application within thirty (30) days of the filing date of this Decision and Order, this action will be dismissed without further order from the Court; and it is further

**ORDERED** that, upon receipt of either petitioner's filing fee or his complete, certified

IFP application, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice and a second copy of this Decision and Order for his use in requesting that the certification section of his IFP application be completed, signed, and returned to him by an appropriate jail official, so that he may submit it to this Court.

Dated: November 14, 2022
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge