**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHARLES BRANDON,

                Petitioner,

  v.                                                       9:22-CV-1073
                                                               (GTS/CFH)

SHERIFF, Monroe County,

                Respondent.

---

**APPEARANCES:**                                            **OF COUNSEL:**

CHARLES BRANDON
Petitioner, pro se
819 Hamilton Street
Utica, New York 13502

HON. LETITIA JAMES                              MARGARET A. CIEPRISZ, ESQ.
Attorney for The State of New York            Ass't Attorney General
New York State Attorney General
28 Liberty Street
New York, New York 10005

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

**I.    INTRODUCTION**

Petitioner Charles Brandon seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition; Dkt. No. 3, Submission in Support of Petition.[1]

After an initial review, the Court ordered petitioner to file an affirmation addressing why the statute of limitations should not bar his claims. Dkt. No. 9, Decision and Order ("December Order"). In compliance with the December Order, petitioner timely filed said

---

[1] For the sake of clarity, citations to parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

affirmation. Dkt. No. 10, Affirmation. After its review, the Court directed respondent to answer the petition. Dkt. No. 11, Decision and Order ("January Order").

Respondent successfully requested permission to file a motion to dismiss. Dkt. No. 13, Motion for Extension of Time and Permission to File a Motion to Dismiss; Dkt. No. 14, Text Order (granting motion); Dkt. No. 17, Motion to Dismiss; Dkt. No. 17-2, Exhibits ("Ex."). The Court provided petitioner with an opportunity to respond to the motion; however, petitioner never filed an opposition.

For the reasons stated herein, it is recommended that the petition be dismissed for want of subject matter jurisdiction.

## II.     RELEVANT BACKGROUND

### A.     1996 Conviction

On December 10, 1995, petitioner sexually assaulted a minor child. Ex. at 3. On April 25, 1996, he was convicted of third degree rape. *Id.* It appears that petitioner was sentenced for both the 1996 rape, as well as a burglary conviction, and the aggregate maximum sentence for both crimes was four to eight years of incarceration. *Id.* at 5. The maximum expiration date for petitioner's sentence associated with the 1996 rape was March 13, 2004. *Id.* at 5, 8, 9.

### B.     2022 Conviction

On August 11, 2022, a warrant was issued for petitioner's arrest for failing to register as a sex offender and notify the Department of Criminal Justice Services of his change in address. Ex. at 22. On September 8, 2022, petitioner was arrested, arraigned on the aforementioned charges, and remanded to the Oneida County Sheriff's custody without bail.

*Id.* at 16-17, 22, 23, 25.  Petitioner was still detained in the Oneida County Jail at the time he filed the instant petition in October of 2022.  Pet. at 1.[2]

On January 25, 2023, petitioner pled guilty to failing to notify of his change of address, was sentenced to six months' incarceration, and was subsequently released that day for time served.  Ex. at 13; *see also* Dkt. No. 16, Notice of Change of Address (indicating that since April petitioner has been living at a residential address in Utica).

## III.   THE PETITION

Petitioner challenges the 1996 judgment of conviction in Monroe County, for third degree rape and second degree burglary.  Pet. at 1; *see also* DOCCS Inmate Lookup Service, http://nysdoccslookup.doccs.ny.gov (last visited Oct. 19, 2023) (indicating a Charles Brandon was committed to custody in Monroe County in 1996 for third degree rape and second degree burglary with a maximum expiration date of March 13, 2004); *People v. Brandon*, 269 A.D.2d 859, 859 (4th Dep't 2000) (affirming judgment of Monroe County Supreme Court for second degree burglary conviction).[3]

Petitioner contends that he is entitled to federal habeas relief because petitioner's counsel was constitutionally ineffective as he was under the influence while he was representing petitioner.  Pet. at 1, 4; Aff. at 3.  As a result of that intoxication, counsel failed to

---

[2] While petitioner dated his pleading October 10, 2023, that appears to be an inadvertent mistake on his part. Pet. at 1.  The Court stamped the petition filed on October 17, 2002.  *Id.*  Further, the paperwork indicates that it was notarized on October 11, 2022.  *Id.* at 3, 5.  Finally, the envelope which the pleading was mailed was postmarked "October 2022".  *Id.* at 6.

[3] While the petition indicates that petitioner was challenging a 1995 Monroe County conviction for third degree rape with a two to four year sentence of incarceration, Pet. at 1, the Court agrees with respondent that petitioner (1) confused the year when the crime occurred and the year when he was ultimately convicted and (2) was not referencing the aggregate length of the sentence associated with both his rape and burglary conviction, Dkt. No. 17-3 at 4 n.2.  Accordingly, given that the charge and county of conviction are identical, and the discrepancy between the date and sentence can be logically explained, the Court is confident that petitioner intended to challenge his 1996 conviction.

challenge the victim's story or make any arguments about the lack of physical and DNA evidence that existed. Aff. at 2-4.

## IV.  DISCUSSION[4]

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The federal habeas statute gives . . . district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. § 2241(c)(3)) (emphasis in original). Consistent with the statutory mandate, the Supreme Court "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91. Accordingly, a petitioner will not be deemed to be "in custody" "when the sentence imposed for that conviction has *fully expired* at the time [the] petition is filed." *Id.* at 491.

Here, that means that this Court has no jurisdiction over any claims petitioner makes with respect to his 1996 rape conviction, and the allegedly ineffective counsel he received in connection therewith, because the conviction fully expired in March of 2004. Stated another way, petitioner filed this action over eighteen and a half years after he had been released from custody for this conviction.

Moreover, "a habeas petitioner does not remain 'in custody' under a conviction after the

---

[4] While the Court initially flagged an issue with timeliness, the respondent ultimately did not discuss whether the petition was timely-filed because petitioner's failure to satisfy the custody requirement divested this Court from having any subject matter jurisdiction over the case.

sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Alaska v. Wright*, 141 S.Ct. 1467, 1468 (2021) (quoting *Maleng*, 490 U.S. at 492) (internal quotation marks omitted); *see also Valles v. United States*, No. 1:20-CV-7835, 2021 WL 5322938, at *2 (S.D.N.Y. Nov. 8, 2021)[5] ("a convicted sex offender subject to registration laws is not in custody because the future threat of incarceration for registrants who fail to comply with the sex-offender registration statutes is insufficient to satisfy the custody requirement.") (citing cases) (internal quotation marks omitted). Accordingly, the fact that petitioner's 1996 state conviction could serve as the basis for future convictions for failing to register does not mean that the Court continued to have jurisdiction over petitioner.

Further, even though petitioner's "second conviction [was] for a state crime [and] he independently could have satisfied § 2254(a)'s 'in custody' requirement . . . his ability to attack the first conviction by that means [is] . . . limited[.]" *Wright*, 141 S.Ct at 1468 (citing *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-02 (2001) (internal quotation marks omitted). In *Lackawanna*, the Supreme Court "recognize[d] an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment[.]" 532 U.S. at 404. However, that exception does not apply in the instant case because petitioner was properly assigned counsel for his prior 1996 conviction. In fact, it is that counsel's performance which petitioner attempts to now challenge. Accordingly, petitioner cannot use his second conviction to attack

---

[5] Copies of unpublished cases cited herein have been provided to petitioner.

his first. Therefore, the Court lacks jurisdiction over the action.

Additionally, even though petitioner never articulated a challenge to his 2022 pretrial detention and its underlying charges, any such challenge would be denied as moot. "Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a 'case or controversy.'" *Islam v. New York State Bd. of Parole*, No. 9:13-CV-0854 (GTS/TWD), 2016 WL 3943668, at *2 (N.D.N.Y. June 2, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Accordingly, "in order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time it is filed." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007). Therefore, "[a] case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III[.]" *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

The Supreme Court of the United States has held that a claim to pretrial bail is moot upon a criminal conviction "because even a favorable decision on it would not have entitled [petitioner] to bail [and release.]" *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982). Similarly, the Second Circuit has determined that once an individual is "convicted . . . rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of . . . continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented." *Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973). Even more instructive is the Second Circuit case *U.S. v. Dettelis*,

372 F. App'x 105 (2d Cir. 2010) (summary order), whereupon the Second Circuit explained that "claims regarding . . . pretrial detention are made moot because [the inmate] has completed his pretrial detention, as well as his prison sentence." 372 F. App'x at 106 (relying on *Murphy*).

Here, petitioner's pretrial detention was terminated upon his guilty plea in 2023. Moreover, his incarceration was also concluded on the same day as his sentencing, for time served, and he has since been released. Therefore, the relief that petitioner initially sought – termination of his detention – is no longer needed.

Furthermore, there is no readily apparent exception to the mootness doctrine that applies, especially that petitioner's circumstance is "capable of repetition yet evading review." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018). Such exception applies "only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* (internal quotation marks and citations omitted).

In order for the second prong of this exception to be true, it would assume that petitioner would continue to fail to register and notify the proper individuals about any subsequent changes in his address. However, in similar circumstances, the prospect of re-incarceration has been insufficient to establish a continuing concrete injury. *See Spencer v. Kemna*, 523 U.S. 1, 15 (1998) (rejecting arguments that the impact of parole violations on subsequent parole proceedings is a sufficient collateral consequence because said argument hinges on individuals "violating the law, getting caught, and being convicted," and such individuals "are able – and indeed [are] required by law – to prevent such a possibility from

7

occurring.") (citing *Lane v. Williams*, 455 U.S. 624, 632 n.13 (1982)); *see also O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (""[W]e are nonetheless unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction[.]"). Because the Supreme Court presumes individuals will act in a lawful way, there is no reasonable expectation that petitioner will find himself in a similar situation again because it would first require him to act in an unlawful manner.

Accordingly, to the extent that the Court liberally construes the petition as one challenging the 2022 pretrial detention, such claims would be denied and dismissed as moot.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that motion to dismiss, Dkt. No. 17, be **GRANTED**; and it is further

**RECOMMENDED**, that the petition, Dkt. No. 1, be **DISMISSED** for lack of subject matter jurisdiction; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[6] and it is further

**RECOMMENDED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (FED. R. APP. P. 22(b)); and it is further

---

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).

**RECOMMENDED**, that the Clerk shall serve a copy of this Report-Recommendation and Order upon the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 27, 2023
Albany, New York

*[signature: Christian F. Hummel]*
Christian F. Hummel
U.S. Magistrate Judge